# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MIHALOVIC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TURLOCK, et al.,<br><br>　　　　Defendants. | Case No.  1:17-cv-01742-NONE-SAB<br><br>ORDER FOLLOWING INFORMAL CONFERENCE, MODIFYING BRIEFING SCHEDULE FOR MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S *EX PARTE* MOTION<br><br>(ECF Nos. 22, 23, 24, 25, 26, 27, 28) |

On May 8, 2018, the Court issued a scheduling order in this matter setting the trial date and associated pretrial deadlines in this matter.  (ECF No. 11.)  On August 20, 2019, pursuant to the parties' stipulation, the Court set a new dispositive motion filing deadline of April 10, 2020. (ECF No. 19.)  On April 10, 2020, Defendants filed a motion for summary judgment.  (ECF No. 22.)  On April 14, 2020, Plaintiff filed an *ex parte* motion objecting to Defendants' certification that the parties met and conferred regarding Defendants' motion for summary judgment, requesting the Court strike Defendants' motion for summary judgment and award sanctions in the amount of $4,500.00 for Plaintiff's attorneys' fees incurred in preparing the *ex parte* motion. (ECF No. 23.)

According to Plaintiff's *ex parte* motion, while the parties began the process of meeting and conferring regarding settlement and the motion for summary judgment, the meet and confer did not encompass all issues that needed to be discussed prior to filing the motion for summary judgment, including most significantly coordination of the draft joint statement of undisputed facts.  (ECF No. 23 at 6.)  Prior to the filing of Defendants' motion for summary judgment, the

1 parties discussed an apparent issue with the Defendants obtaining deposition transcripts in a
2 timely fashion, and Defendants requested a thirty-day extension of the dispositive motion filing
3 deadline.  (Id. at 6-7)  Plaintiff declined to stipulate to the extension, and argue Defendants'
4 counsel had in fact acknowledged receipt of the transcripts at that point. (Id. at 7.)  On April 8,
5 2020, Defendants provided a draft of the statement of undisputed facts for the first time prior to
6 the April 10 dispositive motion cutoff.  (Id.)  Plaintiff's counsel found this to be unacceptable
7 given the proximity to the dispositive motion filing deadline, and on April 9, Plaintiff advised
8 Defendants they would be filing a motion to strike, and warned Defendants they could not certify
9 they had met and conferred in good faith on the motion for summary judgment.  (Id. at 7-8.)
10 Plaintiff argues the motion for summary judgment should be stricken, and argue they would be
11 prejudiced if they have to file an opposition without proper input on the undisputed facts and
12 within the current briefing schedule.  (Id. at 11.)

13 In response to the *ex parte* motion, on April 13, 2020, District Judge Drozd issued a
14 minute order that stated in relevant part:

> The court believes its decision-making would be aided by the submission of a brief response, which defendants may file on or before April 15, 2020. Alternatively, the court encourages the parties to communicate about the application in an attempt to resolve the issues raised therein in a mutually-acceptable manner. In light of this court's extraordinary workload, the ongoing judicial emergency in this district, and the COVID-19 public health crisis, which is further impacting court operations, it is highly unlikely that the motion will be addressed before mid-summer. As such, the court will entertain a stipulation that extends briefing deadlines to accommodate any edits that may need to be made to the motion and/or any extension of the opposition and reply deadlines to obviate any possible prejudice to either side.

21 (ECF No. 24.)

22 On April 14, 2020, Defendants filed a declaration in response to the Court's minute
23 order. (ECF No. 25.)  Defendants' filing describes some meet and confer that occurred regarding
24 settlement and dismissing certain claims, and an agreement for mediation.  (Id. at 2.)  Defendant
25 describes Plaintiff's previous refusal to stipulate to an extension for dispositive motions as a
26 basis for Defendants now being unwilling to provide Plaintiffs with any extension for their
27 opposition, given Plaintiff is unwilling to further meet and confer on dismissing any claims.  (Id.
28 at 2-3.)

1       On April 14, 2020, Plaintiff filed a supplemental declaration. (ECF No. 26.) Plaintiff 2 attached an email inquiring about an extension for opposition briefing, and whether Defendants 3 would consent to magistrate jurisdiction. (Id. at 2, 7-12.) The email indicates Defendants were 4 not agreeable to an extension for Plaintiff's opposition brief, and did not agree to magistrate 5 jurisdiction because there is no guarantee the case would remain with the assigned magistrate 6 judge. (Id. at 10.)

7       On April 16, 2020, the Court set an informal conference with the parties to be held on 8 April, 20, 2020, to discuss the issues raised in the *ex parte* motion and subsequent filings. (ECF 9 No. 27.) On April 20, 2020, the Court held the informal conference. (ECF No. 28.) Counsel 10 Kenneth Odiwe and DeWitt Lacy appeared on behalf of Plaintiff, and counsel Bruce Praet and 11 Gary DuFour appeared on behalf of Defendants. (Id.) As stated during the conference, the 12 Court is disinclined to grant Plaintiff's *ex parte* motion to strike under these specific 13 circumstances, including the history of meet and confer that occurred prior to the filing of the 14 motion for summary judgment, and the availability of the less drastic remedy of extending the 15 briefing schedule to rectify any potential prejudice resulting from the date the draft statement of 16 undisputed facts was provided by Defendants' counsel to Plaintiff's counsel. During the 17 teleconference, counsel for all parties were agreeable to an extension until May 4, 2020, for 18 Plaintiff to file an opposition to Defendants' motion for summary judgment, and a deadline of 19 May 18, 2020, for Defendants to file a reply to Plaintiff's opposition.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, pursuant to the matters discussed at the informal teleconference, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* motion to strike Defendants' motion for summary judgment and for sanctions (ECF No. 23) is DENIED;
2. Plaintiff shall file an opposition to Defendants' motion for summary judgment on or before May 4, 2020; and
3. Defendants shall file a reply to Plaintiff's opposition on or before May 18, 2020.

IT IS SO ORDERED.

Dated: **April 20, 2020**

UNITED STATES MAGISTRATE JUDGE